UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL BURKS AND | § | |
| CYNTHIA BURKS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS, | § | |
| | § | **(JURY)** |

Defendant.

## NOTICE OF REMOVAL
## AND DEMAND FOR JURY TRIAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, and files this Notice

of Removal pursuant to 28 U.S.C. §1446(a), as well as their formal Demand for Jury Trial, and

in support thereof would show the Court as follows:

1.     On February 11, 2014, Plaintiffs Michael Burks and Cynthia Burks filed Plaintiffs'

Original Petition in the matter styled *Michael Burks and Cynthia Burks v. Metropolitan Lloyds*

*Insurance Company of Texas,* Cause No. 14-02-01611 in the 284th Judicial District Court of

Montgomery County, Texas in which Plaintiffs made a claim for damages under a homeowners

insurance policy issued by Metropolitan Lloyds Insurance Company of Texas as a result of an

alleged storm which occurred on April 27, 2013.

2.     Plaintiffs served Metropolitan Lloyds Insurance Company of Texas with a copy of the

Petition by certified mail, return receipt requested on February 18, 2014.

3. Defendant files this Notice of Removal within 30 days of receiving Plaintiffs' Original Petition. *See* 28 U.S.C. §1446(b). This Notice of Removal is being filed within one year of the commencement of this action.

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a) and are attached hereto as Exhibit "A." A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiffs.

5. Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division embrace Montgomery County, Texas, the place where the removed action has been pending.

II.

## BASIS FOR REMOVAL

6. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446.

7. Plaintiffs are, and were at the time the lawsuit was filed, residents of Magnolia, Montgomery County, Texas. (Petition Paragraph 2.).

8. Defendant Metropolitan Lloyds Insurance Company of Texas was, and at the date of this Notice, remains, an association of underwriters whose individual underwriters are all residents and citizens of either the State of Wisconsin or the State of Rhode Island and Providence Plantations.[1] "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Metropolitan] is determined . . . solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of

---

1 *See Royal Ins. Co. v. Quinn-L Capital Corp*, 3 F.3d 877, 882-884 (5th Cir. 1993), cert. denied, 522 U.S. 815 (1997); see also *Massey*, 993 F. Supp. At 570.

unincorporated associations for jurisdictional purposes).[2] Accordingly, Metropolitan is a citizen of the States of Wisconsin and Rhode Island and complete diversity exists.

## A. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction

9. In determining the amount in controversy, the court may consider the "policy limits . . . penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *See Ray v. State Farm Lloyds*, No. CIV. A. 3:98-CV-1288-G, 1999 WL 151667, at *2-3 (N.D. Tex. Mar. 10, 1999)(finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

10. This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiffs allege that Defendant is liable under a homeowner's insurance policy because Plaintiffs made a claim under that policy and Defendant wrongfully adjusted and denied that claim. Specifically, Plaintiffs allege that Defendant breached the insurance policy in effect at the time of the loss. The policy has a dwelling limit of $390,000.00 for the loss location at 41218 Roundup Road,

---

2 "Fifth Circuit jurisprudence is equally clear." *See Massey*, F. Supp. At 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997).

Magnolia, Texas, the property giving rise to the dispute. (*See* Exhibit B, Declaration of Dennis D. Conder).

11.     In addition, the Plaintiffs' Original Petition alleges that Defendant is liable under various causes of action for actual damages, statutory penalties, additional damages, and attorneys' fees. *See* Plaintiffs' Original Petition, paragraphs 28-50. This evidence clearly shows that the amount in controversy exceeds the jurisdictional requirements.

## III.

### THE REMOVAL IS PROCEDURALLY CORRECT

12.     Defendant was served with the Plaintiffs' Original Petition on February 18, 2014. Defendant filed this Notice within the 30 day time period required by 28 U.S.C. §1446(b).

13.     Venue is proper in the District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

14.     Pursuant to 28 U.S.C. §1446(a) all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

15.     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff.

16.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Montgomery County District Court, promptly after Defendant files this Notice.

17.     Defendants hereby demand a trial by jury.

IV.

## CONCLUSION

Based on the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Metropolitan Lloyds Insurance Company of Texas, hereby removes this case to this court for trial and determination.

Respectfully submitted,

STACY & CONDER, LLP

_/s/ - Dennis D. Conder_

By:   Dennis D. Conder
      State Bar No. 04656400

901 Main Street, Suite 6220
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

On March 11, 2014 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

_/s/ - Dennis D. Conder_

Dennis D. Conder

# EXHIBIT A

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back Location : All Courts Help

# REGISTER OF ACTIONS
## CASE NO. 14-02-01611

| Michael Burks, Cynthia Burks VS. Metropolitan Lloyds Insurance Company of Texas | § § § § § | | Case Type: | Other Civil Case >$100,000 but <$200,000 |
|---|---|---|---|---|
| | | | Date Filed: | 02/11/2014 |
| | | | Location: | 284th Judicial District Court |

| PARTY INFORMATION | | |
|---|---|---|
| | | **Attorneys** |
| **Defendant** | Metropolitan Lloyds Insurance Company of Texas | **DENNIS D CONDER** <br> *Retained* <br> 214.748.5000(W) |
| **Plaintiff** | Burks, Cynthia | **Chad T. Wilson** <br> *Retained* <br> 281-334-1753(W) |
| **Plaintiff** | Burks, Michael | **Chad T. Wilson** <br> *Retained* <br> 281-334-1753(W) |

| EVENTS & ORDERS OF THE COURT | | | |
|---|---|---|---|
| **OTHER EVENTS AND HEARINGS** | | | |
| 02/11/2014 | Original Petition (OCA) | | |
| 02/11/2014 | E-Filed Original Petition Document | | |
| 02/11/2014 | Civil Case Information Sheet | | |
| 02/11/2014 | Civil Case Information Sheet | | |
| 02/11/2014 | Request For Service | | |
| 02/12/2014 | Citation | | |
| | Metropolitan Lloyds Insurance Company of Texas | Served <br> Returned | 02/21/2014 <br> 02/21/2014 |
| 02/14/2014 | Original Answer | | |

| FINANCIAL INFORMATION | |
|---|---|
| **Plaintiff** Burks, Michael | |
| Total Financial Assessment | 358.00 |
| Total Payments and Credits | 358.00 |
| Balance Due as of 03/10/2014 | 0.00 |
| 02/11/2014 Transaction Assessment | 358.00 |
| 02/11/2014 E-File Electronic Payment Receipt # 2014-04891       Burks, Michael | (358.00) |

Received and E-Filed for Record
2/11/2014 11:51:20 AM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

14-02-01611

NO. _____

| | | |
|---|---|---|
| **MICHAEL BURKS AND** | § | **IN THE DISTRICT COURT OF** |
| **CYNTHIA BURKS** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **V.** | § | **MONTGOMERY COUNTY,** |
| | § | **TEXAS** |
| **METROPOLITAN LLOYDS** | § | |
| **INSURANCE COMPANY OF TEXAS** | § | 284 th |
| | § | |
| **Defendant.** | § | ~~410th~~ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Michael Burks and Cynthia Burks ("Plaintiffs"), and file **Plaintiffs' Original Petition**, complaining of Metropolitan Lloyds Insurance Company of Texas ("Metropolitan Lloyds"), ("Defendant"); and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiffs intend to conduct discovery under Level 2, Texas Rules of Civil Procedure 190.3.

### PARTIES

2.      Plaintiffs, Michael Burks and Cynthia Burks, are individuals residing in Magnolia, Montgomery County, Texas.

3.      Defendant Metropolitan Lloyds is a domestic insurance company engaged in the business of insurance in the State of Texas, operating for accumulating monetary profit. At all times material to this action, Defendant has, in a systematic and continuous manner, engaged in

the business of insurance in Texas, as more particularly described below. Address service of process upon Defendant's agent for service as follows: **CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201**.

## JURISDICTION

4.    The Court has jurisdiction over this cause of action because the amount in controversy exceeds the jurisdictional minimum amount of the Court.

5.    The Court has jurisdiction over Defendant Metropolitan Lloyds because this defendant is a domestic insurance company authorized to and engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

6.    Venue is proper in Montgomery County, Texas, because the insured property is located in Montgomery County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7.    Plaintiffs are the owners of a Metropolitan Lloyds Insurance Company of Texas homeowners insurance policy (hereinafter referred to as "the Policy"), which was issued by Defendant. At all relevant times hereto, Plaintiffs owned the insured premises located in Montgomery County (hereinafter referred to as "the Property").

8.    Defendant sold the Policy to Plaintiffs through Defendant's agents.

9.    On or around April 27, 2013 the Property sustained extensive damage resulting from a severe storm that passed through the Magnolia, Texas area.

2

10.    Plaintiffs submitted a claim to Defendant against the Policy for the damage to the property.

11.    Plaintiffs asked that Defendant cover the cost of damage to the Property pursuant to the Policy.

12.    Defendant failed to investigate fully the claim through its agents.

13.    Defendant acknowledged damage to the Property; however, Defendant conducted a substandard and improper inspection of the Property, which yielded a grossly inaccurate and unrealistic assessment of the cause, extent, and dollar amount of the damage to the property. This is evident in Defendant's report, which failed to include all of the damages to the Property.

14.    Upon receipt of the inspection report, Defendant failed to review thoroughly the assessment of the claim and ultimately denied that the Property sustained damage by the storm. Based upon this grossly unreasonable investigation, Defendant refused to provide full coverage on the claim, and Plaintiffs suffered damages.

15.    The mishandling of Plaintiffs' claim has also caused a delay in Plaintiffs' ability to repair the Property, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the coverage they are entitled to under the Policy.

16.    As detailed in the paragraphs below, Defendant failed to assess Plaintiffs' claim for damage to the Property in a proper manner, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

17.    Defendant continues to delay the reasonable investigation and payment for Plaintiffs' property damages. As such, the damage to Plaintiffs' home remains unpaid.

18.    Defendant Metropolitan Lloyds failed to perform its contractual duties to Plaintiffs under

3

the terms of the Policy. Specifically, Defendant refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recover upon the Policy have been carried out and accomplished by Plaintiffs.

19. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

20. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendant has failed to attempt to settle Plaintiffs' claim in a fair manner, although Defendant was aware of its liability to Plaintiffs under the Policy.

21. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendant failed to provide Plaintiffs a reasonable explanation for the denial. Specifically, Defendant failed to offer Plaintiffs full coverage, without any explanation for not making the full payment under the terms of the Policy. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendant provide any explanation for failing to settle Plaintiffs' claim properly.

22. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3). Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant.

4

100097-100083

23. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendant refused to compensate Plaintiffs fully under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

24. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7). Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning a fair investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim.

25. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendant failed to reasonably accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.

26. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely payment of claim. Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and Plaintiffs have not received full payment for their claim.

27. Defendant's wrongful acts and omissions forced Plaintiffs to retain the professional

5

services of the attorneys and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANT NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

28.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS.CODE §541.151.

29.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

30.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claims, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

31.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant's unreasonable denial of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS CODE §541.060(a)(3).

6

32.  Defendant's unfair settlement practice, as described above, of failing within a reasonable time to reasonably affirm or deny coverage of the claims to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

33.  Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claims without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(A)(7).

## FRAUD

34.  Defendant is liable to Plaintiffs for common law fraud.

35.  Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

36.  Defendant made the statements intending that Plaintiffs should act upon them. Plaintiffs acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

7

## BREACH OF CONTRACT

37. Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiffs.

38. Defendant's failure and/or refusal, as described above, to pay adequate compensation as Defendant is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

39. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

40. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

41. Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

42. Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant's denial of the claims, constitutes an unfair method of

8

100097-100083

competition and an unfair and deceptive act or practice in the business of insurance. TEX.
INS. CODE §541.060(a)(3).

43.    Defendant's unfair settlement practice, as described above, of failing within a reasonable
       time to affirm or deny coverage of the claims to Plaintiffs, or to submit a reservation of
       rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive
       act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

44.    Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs'
       claims without conducting a reasonable investigation, constitutes an unfair method of
       competition and an unfair and deceptive act or practice in the business of insurance. TEX.
       INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

45.    Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt
       Payment of Claims. All violations made under this article are actionable by TEX. INS.
       CODE §542.060.

46.    Defendant's failure to acknowledge receipt of Plaintiffs' claims, commence investigation
       of the claims, and request from Plaintiffs all items, statements, and forms that Defendant
       reasonably believed would be required within the applicable time constraints, as described
       above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE
       §542.055.

47.    Defendant's failure to notify Plaintiffs in writing of Defendant's acceptance or rejection of
       the claims within the applicable time constraints constitutes a non-prompt payment of the
       claims. TEX. INS. CODE §542.056.

9

48. Defendant's delay of the payment of Plaintiffs' claims following Defendant's receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, as described above, constitutes a non-prompt payment of the claims. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

49. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

50. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claims, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that Defendant's liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

51. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and said acts were a producing cause of Plaintiffs' damages described herein.

## DAMAGES

52. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiffs.

53. The damages caused to the Property have not been properly addressed or repaired in the months since the claim was made, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' claims in violation of the laws set forth above.

10

54.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claims, together with attorney's fees.

55.    Plaintiffs estimate the actual damages to the Property are $38,475.

56.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits due pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

57.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claims, as well as interest on the amount of the claim at eighteen (18) percent per annum as damages, together with reasonable attorney's fees. TEX. INS. CODE §542.060.

58.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

59.    For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for · knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

60.    For the prosecution and collection of these claims, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys

11

in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

61. Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Montgomery County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendant be cited and served to appear, and that upon trial hereof, Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

12

Respectfully submitted,

CHAD T WILSON LAW CENTER PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Kelly Wayne Adams – Of Counsel
Bar No. 24030280
1005 Aspen, Suite A
Kemah, Texas 77565
Telephone: (281) 334-1753
Facsimile: (281) 715-4202

ATTORNEYS FOR PLAINTIFFS

13

 CT Corporation

**Service of Process
Transmittal**
02/18/2014
CT Log Number 524422233

**TO:** Bethanne Lee
MetLife Auto & Home
700 Quaker Lane, Law Department Area 2C
Warwick, RI 02886-

**RE:** **Process Served in Texas**

**FOR:** Metropolitan Lloyds Insurance Company of Texas (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Michael Burks and Cynthia Burks, Pltfs. vs. Metropolitan Lloyds Insurance Company of Texas, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Petition |
| **COURT/AGENCY:** | Montgomery County District Court, MD<br>Case # 140201611 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for Policy Benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 02/18/2014 postmarked on 02/18/2014 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or Before 10:00 a.m. of the Monday next after the expiration of 20 days |
| **ATTORNEY(S) / SENDER(S):** | Chad T. Wilson<br>Chad T Wilson Law Center PLLC<br>1005 Aspen, Suite A<br>Kemah, TX 77565<br>281-334-1753 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/19/2014, Expected Purge Date: 02/24/2014<br>Image SOP<br>Email Notification, CTServiceof Process mah_sop@metlife.com<br>Email Notification, Bethanne Lee blee5@metlife.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Beatrice Casarez-Barrientez<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



U.S. POSTAGE PITNEY BOWES

ZIP 77301  $ 007.61⁰
02 1P
0001376286 FEB 13 2014

Barbara Gladden Adamick
Montgomery Co. District Clerk
P.O. Box 2985
Conroe, Texas  77305-2985

METROPOLITAN LLOYDS INS. CO. OF TX
R/A CT CORPORATION SYSTEM
350 NORTH ST. PAUL STREET
DALLAS, TX 75201

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7012 3050 0002 1408 9785

RESTRICTED DELIVERY
ADDRESSEE ONLY
CERTIFIED MAIL
STED

# CITATION

Cause Number: 14-02-01611

Clerk of the Court                    Attorney Requesting Service
Barbara Gladden Adamick               Chad T. Wilson
P.O Box 2985                          1005 Aspen Ste A
Conroe, Texas 77305                   Kemah TX  77565

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If
you or your attorney do not file a written answer with the clerk who
issued this citation by 10:00 a.m. on the Monday next following the
expiration of twenty days after you were served this citation and
petition, a default judgment may be taken against you.

To:  Metropolitan Lloyds Insurance Company of Texas
     R/A CT Corporation System
     350 North St Paul Street
     Dallas TX  75201

You are hereby commanded to appear by filing a written answer to the Pltf
Orig Petition at or before 10:00 A.M. of the Monday next after the
expiration of twenty days after the date of service of this citation
before the Honorable 284th Judicial District Court Montgomery County,
Texas at the Courthouse of said County in Conroe, Texas.

Said Pltf Orig Petition was filed in said court on the on this the 11th
day of February, 2014 numbered 14-02-01611 on the docket of said court,
and styled, Michael Burks, Cynthia Burks VS. Metropolitan Lloyds Insurance
Company of Texas

The nature of plaintiff's demand is fully shown by a true and correct copy
of Pltf Orig Petition accompanying this citation Pltf Orig Petition and
made a part hereof.

The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the
law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on
this the 12th day of February, 2014.

                              Barbara Gladden Adamick, District Clerk
     (SEAL)                          Montgomery County, Texas

                         By: Nichol Kirn
                              Nichol Kirn, Deputy

# OFFICER'S RETURN

Cause No. 14-02-01611                    Court No: 284th Judicial District
                                         Court

Style: Michael Burks, Cynthia Burks VS. Metropolitan Lloyds Insurance
Company of Texas
To: Metropolitan Lloyds Insurance Company of Texas
Address: R/A CT Corporation System
          350 North St Paul Street
          Dallas TX 75201

Came to hand the 12 day of February , 2014 at 148P o'clock, and
executed in Montgomery    County, Texas by delivering to each of the
within named defendants in person, a true copy of this citation with the
date of delivery endorsed thereon, together with the accompanying copy of
the Pltf Orig Petition, at the following times and places, to wit:

Name              Date/Time      Place, Course and distance from Courthouse

_____

Manner of service: _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being: _____

And the cause of failure to execute this process is: _____

And information received as to the whereabouts of said defendant(s) being:

FEES:
Serving Petition and Copy        $_____
TOTAL                            $_____

                                        Barbara Gladden Adamick OFFICER
                                        Montgomery   County, Texas
                                        By: Rachel Kirn , Deputy
                      AFFIANT

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In
accordance with Rule 107: the officer, or authorized person who services, or attempts to
serve a citation shall sign and return. The return must either be verified or be signed
under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

My full name is _____ my date of birth is _____ , and my
address is _____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in_____ County, State of_____ , on the ___ day of
_____ , 20___ .

                                   _____
                                   Declarant/Authorized Process Server

                                   _____
                                   ID# & Exp. Of Certification

Received and E-Filed for Record
2/14/2014 4:05:00 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 14-0201611

| | | |
|---|---|---|
| MICHAEL BURKS AND | § | IN THE DISTRICT COURT |
| CYNTHIA BURKS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | MONTGOMERY COUNTY TEXAS |
| | § | |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS, | § | |
| | § | |
| Defendant | § | 284TH JUDICIAL DISTRICT |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiffs' Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP


By: _____
     Dennis D. Conder
     State Bar No. 04656400

901 Main Street, Suite 6220
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 14 day of February, 2014, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiffs' counsel of record.

_____
Dennis D. Conder

PAN/PLDG/534972.1/001466.14708

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL BURKS AND CYNTHIA BURKS, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. _____ |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, | § § § | |
| Defendant. | § | **(JURY)** |

## DECLARATION OF DENNIS D. CONDER

I, **Dennis D. Conder**, as authorized by 28 U.S.C. §1746, do declare under penalty of perjury:

1.      I have personal knowledge of all matters stated herein, and if called upon to do so, could and would testify competently thereto.

2.      I am the Attorney of Record for Defendant Metropolitan Lloyds Insurance Company of Texas.

3.      Metropolitan Lloyds Insurance Company of Texas issued policy number 1020545470 to Michael Burks and Cynthia Burks. The policy has a limit for unscheduled personal property limits of $390,000.00.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 11, 2014

/s/ - Dennis D. Conder
Dennis D. Conder

**DECLARATION OF DENNIS D. CONDER**                                                      **Solo Page**